IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMY D. PHILYAW                                                                    PLAINTIFF

vs.                                         Civil No. 04-4111

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION**

**Factual and Procedural Background:**

Amy Philyaw (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claim for disability insurance benefits, (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Both parties have filed appeal briefs (Doc. #5 & 6). The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted herein, except as is necessary.

Plaintiff alleges that she is disabled due to: obesity; history of breast cancer, post simple right mastectomy; diabetes mellitus; coronary artery disease, post coronary artery by pass surgery; chest wound dehiscene; pain; stress; angina; right arm pain and limitation of rotation; nausea; sweats; inability to sleep; dizziness; swelling; shortness of breath; fatigue; acid reflux; depression; side effects of medication; small right paracentral disc protrusion at C4-5; and, suspected mild central or right paracentral bulging at C5-6. The issue before this Court is

whether the decision of the Commissioner is supported by substantial record evidence. The Plaintiff asserts that the Administrative Law Judge (hereinafter "ALJ"), erred in rendering a decision finding Plaintiff not disabled. (Doc. #1 &5).

The Plaintiff's administrative hearing was conducted on August 22, 2003 (T. 33-58). The ALJ issued his final written decision denying Plaintiff's applications for benefits on January 26, 2004 (T. 17-24). Plaintiff then sought review by the Appeals Council (T. 12). The Appeals Council denied Plaintiff's request for review on June 18, 2004 (T. 7-10).

From this adverse decision, the Plaintiff appeals (Doc. #1). This matter is before the undersigned by consent of the parties (Doc. #2).

**Relevant Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000)*. Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)*. In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)*. Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*.

AO72A
(Rev. 8/82)

Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

The record reflects that the ALJ found that the medical evidence established that Plaintiff suffered from the following severe impairments: obesity; history of breast cancer; diabetes mellitus; and, coronary artery disease, status post coronary artery bypass graft (T. 20).

Throughout his decision, the ALJ singularly considered some of Plaintiff's alleged impairments, with single sentences or paragraphs being devoted to the analysis of each impairment (T. 17-24). In doing so, the ALJ discussed Plaintiff's alleged impairment at issue, in conjunction with Plaintiff's treatment for same. However, he failed to consider the combined effect of these, and other documented conditions. For instance, the ALJ mentioned Plaintiff's allegations of obesity, diabetes mellitus, cervical MRI results, coronary artery disease, scar tissue, sternal suture wire pain and dehiscence, and breast cancer singulary (T. 19), but never considered the combined effect to the impairments he found to be severe. Nor did the ALJ consider the combination of Plaintiff's impairments in conjunction with the allegations of pain (T. 41, 42, 43, 45, 52, 55, 56, 67, 91, 98, 108, 109, 110, 111, 112, 120, 126, 127, 128, 129, 130, 158, 163, 164, 165, 179, 216, 218, 219, 231, 264, 265, 279, 286, 292, 326), nausea (T. 46, 48, 165, 178, 188), sweats (T. 46, 165, 178), inability to sleep (T. 47, 48, 56, 112), fatigue (T. 47, 48, 49, 51, 56, 91, 98, 110, 112, 127, 128, 129, 130, 210, 325), dizziness (T. 48), swelling (T. 54, 55, 67, 98, 120, 219), shortness of breath (T. 329), or medication side effects (T. 46, 47, 48, 128, 110).

20 C.F.R. § 423 (d)(2)(B) provides:

AO72A
(Rev. 8/82)

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

The ALJ is required to consider all impairments he finds to be severe. Likewise, he is required to consider the combined effect of all impairments he finds to be severe. *See 42 U.S.C. § 1382c(a)(3)(F); See also 20 C.F.R. § 404.1523.* In this instance, the ALJ found the Plaintiff's history, diagnoses and/or treatment for obesity, history of breast cancer, diabetes mellitus, and coronary artery disease, post coronary bypass graft, to be severe impairments. Nonetheless, despite his solitary statement that these impairments represent severe impairments, he failed to otherwise consider the issue of whether this severe combination of impairments, together with the alleged pain, nausea, sweats, inability to sleep, fatigue, dizziness, swelling, shortness of breath, or medication side effects result in a finding of disability. The apparent failure to consider these subjective allegations in relation to what he deemed to be severe impairments necessarily leads to the conclusion that the ALJ failed in his duty to consider the combined effect of all of Plaintiff's impairments.

The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir. 1991), citing Johnson v. Secretary of Health & Human Servs., 872 F.2d 810, 812 (8th Cir. 1989).* In the present case, therefore, the ALJ was obligated to consider the combined effect of [Plaintiff]'s physical impairments. *Id. at 484, citing Reinhart v. Secretary of Health & Human Servs., 733 F.2d 571,*

AO72A
(Rev. 8/82)

*573 (8th Cir. 1984) and Wroblewski v. Califano, 609 F.2d 908, 914 (8th Cir. 1979).* As has been noted, the Plaintiff alleged numerous impairments. Under these circumstances, the Social Security Act requires the Commissioner to consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir. 2000).*

A thorough review of the record indicates that the ALJ failed to properly analyze Plaintiff's subjective allegations. In determining whether the ALJ properly disregarded Plaintiff's subjective complaints, such as pain, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted)*,* in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).*

However, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff. *Nelson v. Sullivan, 966*

F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

Further, in evaluating these factors, the ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler*, 783 F.2d 128, 131 (8th Cir.1986)(citing *Polaski v. Heckler*, 751 F.2d 943, 9580-950 (8th Cir.1984))*.

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988)*.

In this case, with respect to subjective allegations and nonexertional limitations, the ALJ found plaintiff "not totally credible" (T. 23). Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, 783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

Here, the ALJ fails to meaningfully examine the *Polaski* factor of dosage and side effects of medication. *See Polaski v. Heckler*, 739 F.2d at 1321-22. The ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler, 783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Here, the Plaintiff regularly reported experiencing side effects of her medications. During the relevant time period, Plaintiff was prescribed Darvocet[1], Morphine[2], MS Contin[3], Toprol-XL[4], Nitroglycerin, Tamoxifen[5], Effexor[6], and Amaryl[7]. Nearly all of Plaintiff's

---

[1]Darvocet is a centrally acting narcotic analgesic agent indicated for the relief of mild to moderate pain. *Physicians Desk Reference*, pp. 403-405 (58th Edition 2004).

[2]Morphine is the principal and most active narcotic alkaloid of opium. See *The Merck Manual,* p. 1054 (16th Edition 1992). Opium is highly addictive. See *The Merck Manual,* pp.1185 (16th Edition 1992).

[3]MS Contin is a controlled release oral tablet containing morphine sulfate and is indicated for the relief of moderate to severe pain. It is intended for use in patients expected to require repeated dosing with potent opioid analgesics over a period of time. Adverse reactions include, but are not limited to: dizziness, sedation, nausea, sweating and vomiting. *Physicians Desk Reference*, pp. 2841-2843 (58th Edition 2004).

[4]Toprol-XL is indicated for the treatment of hypertension, angina pectoris and heart failure. Adverse reactions include, but are not limited to: fatigue, dizziness, depression, mental confusion, shortness of breath, nausea, diarrhea, digestive tract disorders, swelling and chest pain. *Physicians Desk Reference*, pp.647-650 (58th Edition 2004).

[5]Tamoxifen is a nonsteriodal antiestrogen for women with ductal carcinoma and women at high risk for breast cancer. The adverse reactions of Tamoxifen include, but are not limited to: increased bone pain, increased tumor pain, swelling, depression, dizziness,

-8-

medications have side effects as reported by Plaintiff. However, the ALJ failed to discuss these drugs, their side effects or the combination thereof within his decision. In fact, the ALJ stated that the record shows "no protocol for pain management" (T. 21). Although it appears that the record is devoid of any documents or treatment records from Plaintiff's pain management physician (T. 329), the record clearly establishes that Plaintiff was prescribed a number of pain medications. The record also contains evidence of allegations of side effects from these medications. However, the ALJ failed to conduct a proper analysis of this evidence pursuant to *Polaski*.

A thorough review of the record reveals several other issues not considered by the ALJ. Upon remand, it is suggested that the ALJ properly analyze Plaintiff's allegations of a lack of financial means with which to obtain medication (T. 57, 286, 90, 262). Despite the fact that Plaintiff sought and obtained assistance by way of treatment at UAMS and obtaining medicaid coverage for her medical appointments, tests and hospitalizations, the record still reflects that Plaintiff reported that she could not obtain all of her medications due to a lack of financial means.

Clearly, the ALJ has failed provide appropriate analysis. Therefore, this case must be

---

fatigue and headache. *Physicians Desk Reference*, pp.678-683 (58th Edition 2004).

[6]Effexor is indicated for the treatment of major depressive disorder. Side effects include, but are not limited to: hypertension, nausea, dizziness, insomnia, dry mouth, nervousness, sweating and abnormal vision. *Physicians Desk Reference*, pp. 3413-3421 (58th Edition 2004).

[7]Amaryl is an oral blood glucose lowering drug indicated as an adjunct to diet and exercise for the control and treatment of non-insulin dependent diabetes. Side effects include, but are not limited to: dizziness, asthenia, headache and nausea. *Physicians Desk Reference*, pp.718-720 (58th Edition 2004).

AO72A
(Rev. 8/82)

remanded. Further, the parties are each reminded of their duty to fully and fairly develop the record. Any missing medical records should be obtained and included in the administrative record upon remand.

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for proceedings consistent with this opinion.

ENTERED this 8th day of September, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)